IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AARON GABRIEL MUMMERT, :
:
    Plaintiff  :  CIVIL NO. 3:CV-15-1470
:
v. :
: (Judge Conaboy)
:
GEORGE ROSS, :
:
    Defendant :

**MEMORANDUM**
**Background**

    Aaron Gabriel Mummert, an inmate presently confined at the Laurel Highlands State Correctional Institution, Somerset, Pennsylvania (SCI-Laurel Highlands) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as sole Defendant is Trooper George Ross of the Pennsylvania State Police. The required filing fee has been paid in full. For the reasons set forth below, Mummert's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

    Plaintiff alleges that Trooper Ross "unlawfully filed charges" against him of fleeing and attempting to elude a police officer and tampering or fabrication physical evidence. Doc. 1, p. 2. Mummert elaborates that the Defendant: was biased; conducted an

1

illegal search; unlawfully seized property; committed perjury; fabricated and altered physical evidence; allowed the introduction of hearsay evidence; and obstructed justice. As a result of Ross's alleged misconduct, Plaintiff states that he was convicted of the above described criminal charges on April 3, 2014 following a jury trial in the Adams County Pennsylvania Court of Common Pleas.

As relief, the Complaint seeks an award of compensatory and punitive damages. See Doc. 1, p. 1. Plaintiff also asks this Court to investigate and intervene in his state criminal case. See id.

## Discussion

As previously noted, Plaintiff has paid the required filing fee. 28 U.S.C. § 1915A provides in pertinent part:

> (a) **Screening.** -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir.

2

2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Injunctive/declaratory Relief**

It is initially noted that this same Defendant and allegations were included in a companion habeas corpus petition filed by Plaintiff which is also presently pending before this Court. See Mummert v. Warden SCI-laurel Highlands, et al., Civil No.3:CV-15-1946. The Plaintiff also acknowledges that the Pennsylvania Superior Court recently affirmed his Adams County conviction and sentence on June 14, 2015.

As previously discussed, as partial relief, Mummert asks this Court to "Investigate and Intervene" in his case. Doc. 1, p. 1. Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim

3

for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's present claims of being subjected to misconduct by Trooper Ross which led to an unconstitutional criminal prosecution and any related requests to be released, pardoned, and have his criminal conviction overturned are not properly raised in a civil rights complaint. Accordingly, those claims will be dismissed without prejudice to any right Mummert may have to pursue said allegations via his pending federal habeas corpus petition.

**Monetary Damages**

With respect to any claims for monetary damages against Trooper Ross, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. There is no assertion in the Complaint that the Adams County criminal conviction underlying this action has been rendered invalid.

4

Based on the nature of Mummert's allegations, a finding in his favor would imply the invalidity and/or comprise the Adams County criminal conviction at issue herein. Thus, any request by Plaintiff for monetary damages against any Trooper Ross with respect to his Adams County criminal conviction is premature because Mummert cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his criminal conviction or prosecution, is rendered invalid. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005). Any request by Mummert for compensatory damages is premature and must be deferred under Gibson and Sanchez until his underlying Adams County criminal conviction is rendered invalid. If Plaintiff is able to successfully challenge his Adams County conviction, under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.

## Conclusion

Since Mummert's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

*[signature]*
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 9, 2015